**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2157-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DOUGLAS JOHNSON, a/k/a DOUGIE
and D-MURDER,

    Defendant-Appellant.

_____

          Submitted April 27, 2017 - Decided May 23, 2017

          Before Judges Lihotz and Mawla.

          On appeal from Superior Court of New Jersey,
          Law Division, Hudson County, Indictment No.
          08-11-2042.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Alan I. Smith, Designated
          Counsel, on the brief).

          Esther Suarez, Hudson County Prosecutor,
          attorney for respondent (Frances Tapia Mateo,
          Assistant Prosecutor, on the brief).

          Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Douglas Johnson appeals from a November 19, 2015 order denying his application for post-conviction relief (PCR). We affirm.

These facts are taken from the record. On the evening of January 27, 2007, defendant obtained bullets for a firearm he possessed, loaded the weapon and traveled to Jersey City with the intention of firing the weapon at the intended victim, but instead mortally wounded the intended target's mother, who was standing nearby. On October 15, 2008, a Hudson County Grand Jury indicted defendant, charging conspiracy N.J.S.A. 2C:5-2, attempted murder N.J.S.A. 2C:5-1, murder N.J.S.A. 2C:11-3a(1) and (2), unlawful possession of a weapon N.J.S.A. 2C:39-5(b), possession of a weapon for an unlawful purpose N.J.S.A. 2C:39-4(a) and a certain person not to have a weapon N.J.S.A. 2C:39-7(b).

On March 23, 2009, defendant appeared with counsel, waived his right to a trial and entered a negotiated plea agreement, pleading guilty to aggravated manslaughter. The trial judge imposed a twenty-four year sentence, subject to the 85% parole ineligibility period required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence considered during the excessive sentencing oral argument (ESOA) calendar on September 2, 2011. See Rule 2:9-11. We

remanded to require amendment to the judgment of conviction to reflect applicable gap time credits.

Defendant filed his petition for PCR, which was denied following oral argument, without the benefit of an evidentiary hearing. In this appeal, defendant now advances the following arguments:

POINT I

THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE MATTER REMANDED TO THE PCR COURT IN ORDER FOR THE PCR COURT TO MAKE SPECIFIC AND ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW BEFORE POST-CONVICTION RELIEF CAN BE SUMMARILY DENIED ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

POINT II

WHEN THE DEFENDANT ALLEGES IN POST-CONVICTION RELIEF THAT TRIAL COUNSEL IGNORED HIS REQUEST TO INTERVIEW WITNESSES THEREBY "COMPELLING" HIM TO PLEAD GUILTY AND THE STATE DOES NOT FIND IT APPROPRIATE TO SUBMIT A CERTIFICATION OR AFFIDAVIT FROM DEFENDANT CONTESTING THE ALLEGATION, A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS MADE.

POINT III

THE PCR COURT'S RULING DENYING POST-CONVICTION RELIEF VIOLATED DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583,

593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). The process affords an adjudged criminal defendant a "last chance to challenge the fairness and reliability of a criminal verdict." State v. Nash, 212 N.J. 518,450 (2013); see also Rule 3:22-1. "Post-conviction relief is neither a substitute for direct appeal, Rule 3:22-3, nor an opportunity to relitigate cases already decided on the merits, Rule 3:22-5." Preciose, supra, 129 N.J. 451, 459 (1992); see also State v. Echols, 199 N.J. 344 (2009).

To establish a claim of ineffective assistance of counsel, defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The test requires showing both: (1) that counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) that the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2068, 2064, 80 L. Ed. 2d at 693, 698; see also Fritz, supra, 105 N.J. at 52.

4

To sustain this burden, defendant must articulate specific facts to "provide the court with an adequate basis on which to rest its decision[.]" State v. Mitchell, 126 N.J. 565, 579 (1992). The trial judge must view the facts alleged in the light most favorable to defendant. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Defendant argues he was entitled to evidentiary review of his allegations of ineffective assistance by trial counsel. However, merely raising a claim for PCR does not entitle defendant to an evidentiary hearing. Defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid.; see also Rule 3:22-10(b). Trial judges should grant evidentiary hearings only if defendant has presented a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992). To do so, defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance," Cummings, supra, 321 N.J. Super. at 170, and "must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, or that the defendant's

allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted." Ibid. (citations omitted); see also Rule 3:22-10(e).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). Thus, if warranted, we may "conduct a de novo review of both the factual findings and legal conclusions of the trial court." State v. Harris, 181 N.J. 391, 421 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005) (emphasis omitted).

Defendant argues his trial counsel failed to perform a reasonable investigation by not interviewing witnesses, specifically, co-defendants Luiz Ortiz and Bernardo Montanez, as well as other witnesses who "provided statements to law enforcement officers." Defendant argues "the witnesses and their statements were never investigated by Trial Counsel to determine their veracity, or usefulness, but were used to influence the Defendant into accepting a plea."

Our Supreme Court has stated "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and the failure to do so may "render the lawyer's performance deficient" and support

a claim of ineffective assistance of counsel. State v. Porter, 216 N.J. 343, 353 (2013) (alteration removed) (internal citations omitted). However, to establish such a claim a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, supra, 321 N.J. Super. at 170. Absent a statement by the witness of the facts he or she would have presented if called to testify, there is no basis to analyze how the trial outcome would be affected. Ibid.

The trial judge rejected defendant's claim, as "nothing more than a bald assertion" and correctly held defendant did not support his petition with an affidavit or certification from his co-defendants or other witnesses alleging the facts he believed would be revealed had the witnesses testified at trial. Instead, the trial judge found defendant's petition included only "vague expressions of opinion, such as 'the statements were untrue.'"

Even now on appeal, defendant's application lacks a description of what information his trial counsel would have discovered by these witness interviews. To hurdle his prima facie burden, defendant must point the court to what the interviews by his trial counsel would reveal. The record before us lacks such a connection. Defendant's claims do not meet the first prong of

7

<u>Strickland</u> and the trial judge properly denied this claim without an evidentiary hearing. <u>See</u> <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 687, 104 <u>S. Ct.</u> at 2064, 80 <u>L. Ed.</u> 2d at 693; <u>see</u> <u>also</u> <u>Preciose</u>, <u>supra</u>, 129 <u>N.J.</u> at 462; <u>Marshall</u>, <u>supra</u>, 148 <u>N.J.</u> at 158; <u>Rule</u> 3:22-10(e).

Defendant contends trial counsel's failure to investigate prejudiced him. He asserts "if counsel would have sufficiently investigated his case, [he] would not have feared the outcome of trial and would not have felt forced to plead guilty despite his innocence." The trial judge rejected defendant's claim of prejudice, finding he failed to articulate facts in support of the prejudice he allegedly incurred. The trial judge concluded "there was nothing in defendant's petition to suggest that he would have wanted to go to trial had his trial counsel done something differently."

The second prong of the <u>Strickland</u> test requires defendant to demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 694, 104 <u>S. Ct.</u> at 2068, 80 <u>L. Ed.</u> 2d at 698. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." <u>Ibid</u>. More specifically, we have held the second prong of the <u>Strickland</u> test requires defendant to prove the deficient

performance affected the outcome of the plea process. <u>State v. Chung</u>, 210 <u>N.J. Super.</u> 427, 435 (App. Div. 1986)(citing <u>Hill v. Lockhart</u>, 474 <u>U.S.</u> at 52, 59, 106 <u>S.Ct.</u> 366, 370, 88 <u>L.Ed.</u> 2d 203, 209 (1985)).  Indeed, the defendant must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, <u>supra</u>, at 59, 106 <u>S. Ct.</u> at 370, 80 <u>L. Ed.</u> 2d at 210.

Here, the trial judge properly determined defendant failed to articulate facts demonstrating the prejudice he allegedly incurred.  As correctly noted by the trial judge, there were no facts in the petition suggesting defendant would have wanted a trial had trial counsel done something differently.  To the contrary, the facts in defendant's petition indicate, as the trial judge found, "more than anything, the defendant urged counsel to negotiate with the Prosecutor for a more appropriate plea, not complaining that he pled out."  The trial judge properly concluded defendant never asserted a desire to go to trial.

For these reasons, defendant has not satisfied <u>Strickland's</u> two pronged test and the trial judge correctly denied his petition for PCR without conducting an evidentiary hearing. <u>See Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 687, 104 <u>S. Ct.</u> at 2064, 80 <u>L. Ed.</u> 2d at 693; <u>see</u> <u>also</u> <u>Preciose</u>, <u>supra</u>, 129 <u>N.J.</u> at 462; <u>Marshall</u>, <u>supra</u>, 148 <u>N.J.</u> at 158; <u>Rule</u> 3:22-10(e).  No evidence of ineffective

assistance of counsel or a violation of the legal right to effective representation is presented on the record before us.

Lastly, we reject defendant's claims asserting the trial judge's findings of fact and conclusions of law were "perfunctory and inadequate" and failed to identify the evidentiary standard of proof the judge was applying.

The trial judge reviewed defendant's claims on the record, and adequately determined he failed to establish a prima facie showing of ineffective assistance of counsel. The trial judge specifically stated: "[t]here's no indication what an investigation would have revealed or how it might have affected the outcome of the case, and nothing suggested that those statements were anything more than truthful." In reviewing defendant's claim asserting the indictment was defective, the trial judge concluded "[t]here's nothing in the papers submitted that would in any way support that claim either." In denying defendant's claim of prejudice, the trial judge properly concluded defendant never expressed a desire to go to trial. Specifically, the trial judge stated:

> [T]here is nothing in the Petition to suggest the Defendant would have wanted to go to trial had Counsel done some other things or some of the things he was requesting here. There's neither a desire to go to trial asserted nor an assertion administered.

This supported the trial judge's conclusion that "defendant urged counsel to negotiate with the Prosecutor for a more appropriate plea." This also supported the trial judge's finding defendant's petition amounted to nothing more than a "bald assertion" and consisted only of "vague expressions of opinion." The trial judge's findings of fact and conclusions of law were clearly adequate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2157-15T4